**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHARITA PATTERSON,<br>Plaintiff,<br>v.<br>THE CITY OF NEW YORK, *et al.*,<br>Defendants. | Civil Action No. 25-01453 (JXN)(CF)<br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Sharita Patterson's ("Plaintiff") application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) and Complaint (ECF No. 1) against Defendants Brooklyn Public Library, the City of New York, the New York Police Department, Investigator Astarita, and District Council 37 Union (collectively "Defendants"). As Plaintiff has requested to proceed *IFP* in this case, the Court will screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be **TRANSFERRED** to the United States District Court for the Southern District of New York.

## I. BACKGROUND[1]

Plaintiff commenced this action on February 13, 2025, asserting federal claims under 42 U.S.C. § 1983 and related state-law causes of action arising from her suspension from the Brooklyn Public Library and subsequent employment actions by the City of New York and the New York

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) ("[T]he § 1915(d) frivolousness determination . . . cannot serve as a factfinding process for the resolution of disputed facts.")

Police Department ("NYPD"). (*See* Compl. at *2,[2] ECF No. 1.) In the Complaint, Plaintiff alleges that on July 25, 2023, she was arrested by the Port Authority Police in New Jersey for unlawful possession of a weapon, possession of false government documents, theft of services, disorderly conduct, and obstruction. (*Id.*) Following her arrest, Plaintiff states that on August 1, 2023, she received a Notice of Temporary Suspension from the Brooklyn Public Library, advising that she was suspended pending further investigation of the incident. (*Id.*) Plaintiff contends this suspension was imposed without adequate due process because she was not afforded an immediate hearing or an opportunity to contest the allegations. (*Id.*)

Plaintiff further alleges that on August 2, 2023, she received correspondence from her employer stating that her status as a Special Patrolman had been suspended and that she was being placed on unpaid administrative leave. (*Id.*) She asserts that the criminal charges were either unfounded or mishandled and maintains that the actions taken by the Brooklyn Public Library, the NYPD, and the City of New York violated her rights to due process and fair treatment. (*Id.*) Plaintiff seeks $59,500,000 in punitive damages, an order of reinstatement as a Special Patrolman, injunctive relief requiring Defendants to implement procedural safeguards, and attorney's fees. (*Id.* at *3.)

## II. <u>LEGAL STANDARD</u>

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). A court reviewing an *in forma pauperis* application "has the authority to dismiss a case 'at any time,' …regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citation

[2] Page numbers preceded by an asterisk (*) reflect CM/ECF pagination.

omitted). Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court must screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

## III. DISCUSSION

As noted above, Plaintiff alleges that Defendants deprived her of due process, wrongfully terminated her employment, and subjected her to defamation, negligent supervision and training, and emotional distress, all of which she attempts to style as violations of her federal rights under § 1983. Having screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court finds that venue is improper in the District of New Jersey.

28 U.S.C. § 1391 provides the general venue requirements and states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> 3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, venue is improper because none of the statutory bases are satisfied. *See Scott v. Bailey*, No. 22-01155, 2022 WL 4104215, at *1 (D.N.J. Sept. 8, 2022). First, Defendants do not

reside in New Jersey. Plaintiff names as defendants the City of New York, the New York Police Department, the Brooklyn Public Library, Investigator Astarita, and District Council 37 Union, all of whom are in New York. Thus, according to the facts on the face of the Complaint, Defendants are all citizens of New York; therefore, § 1391(b)(1) does not apply. Next, while Plaintiff alleges she suffered adverse employment actions as a result of an arrest that occurred in New Jersey, all the events underlying the Complaint occurred in New York, including her suspension by the Brooklyn Public Library, her termination from the New York Police Department, and alleged acts of defamation and negligent supervision by New York officials and entities. None of the alleged facts suggest that any event or omission occurred in New Jersey. As the events giving rise to Plaintiff's claims as alleged in the Complaint appear to have occurred in New York, New Jersey is not a proper venue under § 1391(b)(2). *See Santi v. Nat'l Bus. Records Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) (finding that "Courts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state."). Finally, section 1391(b)(3) is inapplicable because venue appears proper in the Southern District of New York, where the action could be brought. *See, e.g., Sondhi v. McPherson Oil Co*., No. 20-13986, 2021 WL 5356182, at *3 (D.N.J. Nov. 17, 2021) (citations omitted).

When the venue is improper, the Court has the authority to dismiss or transfer the case *sua sponte*. *Baptiste v. Tapestry, Inc*., No. 18-3275, 2018 WL 3772678, at *2, 4 (D.N.J. Aug. 9, 2018) ("Having found that venue is improper, the Court may *sua sponte* consider if a transfer or dismissal under Section 1406 is appropriate."). Specifically, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it is in the interest of justice, transfer such case to any district or division in which it could have been brought." However, the Third Circuit has clarified that "district courts generally should

not dismiss *in forma pauperis* complaints for improper venue." *Fiorani v. Chrysler Grp*., 510 F. App'x 109, 111 (3d Cir. 2013). Instead, they should "expressly consider[ ] whether the interests of justice weigh in favor of transferring [Plaintiff's] complaint instead of dismissing it." *Id.* (citing See 28 U.S.C. § 1406(a)). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The Court considers that the Complaint is filed *in forma pauperis*, and that New York is the appropriate venue for this matter.

Thus, the Court finds that venue is not appropriate in New Jersey, and under 28 U.S.C. § 1406(a), this matter will be transferred to the United States District Court for the Southern District of New York. Further, given this determination, the Court declines to evaluate Plaintiff's IFP application. *See Brown*, 941 F.3d at 660 (noting a district court's discretion to evaluate a plaintiff's application to proceed *in forma pauperis* and screen the complaint "in either order").

## IV. CONCLUSION

For the reasons stated above, this Court is not the proper venue for this action under 28 U.S.C. § 1391(b). Accordingly, this case is **TRANSFERRED** to the United States District Court for the Southern District of New York under 28 U.S.C. § 1406(a). An appropriate Form of Order accompanies this Opinion.

**DATED: 7/6/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**